ELECTRONICALLY FILED
Nov 23 2021
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| TARA MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC., and LOCAL UNION 8-957<br><br>Defendants. | Civil Action No. __1:21-CV-141 (Kleeh)__ |

## NOTICE OF REMOVAL

Defendant Local Union 8-957, through undersigned counsel, pursuant to 28 U.S.C. § 1441 *et seq.*, hereby files this Notice of Removal of an action styled *Tara Morgan v. Mylan Pharmaceuticals Inc. and Local Union 8-957*, docketed as Civil Action No. 21-C-283 in the Circuit Court of Monongalia County, West Virginia to be removed to the United States District Court for the Northern District of West Virginia. As grounds for this Notice, Defendant states as follows:

1. On or around October 5, 2021, Plaintiff commenced an action in the Circuit Court of Monongalia County, West Virginia, styled *Tara Morgan v. Mylan Pharmaceuticals Inc. and Local Union 8-957*, Case No. 21-C-283 (the "State Court Complaint").

2. This State Court Complaint alleged the following causes of action: (I) Violations of the West Virginia Human Rights Act (WVHRA) and Sexual Harassment, (II & III) Violations of the WVHRA Based Upon Sexual Harassment Both "Quid Pro Quo" and "Hostile Work Environment," (IV) Negligent Infliction of Emotional Distress, (V) Negligent Hiring Retention, and (VI) Unfair Labor Practice Violation/Breach of Duty of

    Good Faith and Fair Dealing. A true and correct copy of the State Court Complaint as presented by Plaintiff's counsel is attached hereto as Exhibit A.

3. Defendant Local Union 8-957 was served with the State Court Complaint on October 25, 2021. Co-defendant Mylan Pharmaceuticals, Inc. was served with the State Court Complaint on October 29, 2021.

4. Defendant Local Union 8-957 files this Notice of Removal within 30 days of receipt, through service or otherwise, of the initial pleading, making removal timely under 28 U.S.C. § 1446(b).

5. Defendant Local Union 8-957 has consulted with Co-defendant Mylan Pharmaceuticals, Inc., and Co-defendant Mylan Pharmaceuticals, Inc. consents to the removal of this action.

6. This case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), because this Court has original jurisdiction over the case under 28 U.S.C. §§ 1331, 1337, and 1367.

7. Local Union 8-957 is a labor organization under 29 U.S.C. § 185(b) and Plaintiff was a union member at all relevant times. State Court Compl. ¶¶ 10, 56.

8. Plaintiff alleges in Count VI that Local Union 8-957 committed an unfair labor practice by violating its "statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." State Court Compl. ¶ 58 (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).

9. A plaintiff's claim that a union has violated its statutory duty of fair representation alleges "a breach by the Union of a duty grounded in federal statutes, [such] that federal

{00190301.1}

law therefore governs his cause of action." *Vaca*, 386 U.S. at 177. This court accordingly has federal question jurisdiction over the claim under 28 U.S.C. §§ 1331, 1337.

10. As a separate and additional ground for federal question jurisdiction, at least one of Plaintiff's additional causes of action are completely preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), because they necessarily require the interpretation of the collective bargaining agreement governing Plaintiff's terms of employment, Mylan's workplace policies, and union grievance processing policies. *See, e.g.*, State Court Complaint ¶¶ 12, 20(a), 31.

11. The Supreme Court has interpreted Section 301 to mean that the LMRA preempts state law causes of action that are "substantially dependent upon analysis of the terms of an agreement made between the parties of a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Any complaint that comes within the scope of the Section 301 cause of action, even if state law would otherwise provide a cause of action, "necessarily 'arises under' federal law" and can be removed to federal court. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23-24 (1983).

12. As a separate and additional ground for federal question jurisdiction, at least one of Plaintiff's additional causes of action are completely preempted because they are, in essence, claims that the union violated its federal duty of fair representation, albeit recharacterized using state-law labels. *See Taylor v. Giant Food Inc.*, 438 F. Supp. 2d 576, 582-586 (D. Md. 2006) (holding that such recharacterized claims are removable).

13. To the extent that one or more of Plaintiff's causes of action are not independently removable based on federal question jurisdiction, this Court may still exercise supplemental jurisdiction over those causes of action because they arise from the "same

case or controversy" or "common nucleus of operative fact" as do Plaintiff's other causes of action. *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). As such, the Plaintiff "would ordinarily be expected to try them all in one judicial proceeding" and this Court is empowered to hear them. *Gibbs*, 383 U.S. at 725.

14. Defendant has attached a copy of all process, pleadings and orders, beginning with Plaintiff's original complaint, and are simultaneously filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Monongalia County, West Virginia.

15. Defendant has provided written notice to Plaintiff by contemporaneously serving her counsel with this Notice of Removal.

16. No further proceedings have been had in this matter in the Circuit Court of Monongalia County, West Virginia.

Respectfully submitted,

Dated: November 23, 2021

*/s/ Timothy F. Cogan*
Timothy F. Cogan, Esq. (WV ID# 764)
CASSIDY, COGAN, SHAPELL &
VOEGELIN, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003-3582
Telephone: (304) 232-8100
Email: tfc@walslaw.com

*Counsel for Defendant Local Union 8-957*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| TARA MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC., and LOCAL UNION 8-957<br><br>Defendants. | Civil Action No. **1:21-CV-141 (Kleeh)** _____ |

CERTIFICATE OF SERVICE

I, Timothy Cogan, counsel for Defendant, hereby certify that on November 23, 2021, a true copy of the foregoing Notice of Removal was served by United States first-class mail, postage prepaid, upon the following:

D. Adrian Hoosier, II
Hoosier Law Firm, PLLC
213 Hale Street, Suite 100
Charleston, WV 25301
*Plaintiff's Attorney*

Mylan Pharmaceuticals Inc.
5098 Washington Street, West, Suite 407
Charleston, WV 25313-1561

*Co-defendant*

Dated: November 23, 2021

Respectfully Submitted:

*/s/ Timothy F. Cogan*
Timothy F. Cogan, Esq. (WV ID# 764)
CASSIDY, COGAN, SHAPELL & VOEGELIN, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003-3582
Telephone: (304) 232-8100
Email: tfc@walslaw.com

*Counsel for Defendant Local Union 8-957*

{00190301.1}