# EXHIBIT A

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

TARA MORGAN,

    Plaintiff,

v.

                                                               Civil Action Number: 21-C-283
                                                               Judge:

MYLAN PHARMACEUTICALS INC.,
A West Virginia Corporation and
LOCAL UNION 8-957,

    Defendants.

## SUMMONS

TO:     Local Union 8-957
            1704 Mileground Road
            Suite B
            Morgantown, West Virginia 26505

IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **D. Adrian Hoosier, II, Plaintiff's Attorney, whose address is 213 Hale Street, Suite 100, Charleston, West Virginia 25301**, an Answer, including any related Counter Claim you may have, to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above- styled civil action.

Dated: October 6, 2021

                                                                                   Jean Friend
                                                                                   Circuit Clerk
                                                                             by Susan Trowbridge, deputy

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINA

TARA MORGAN,

        Plaintiff,

v.                                      Civil Action: 21-C-283

MYLAN PHARMACEUTICALS INC.,
A West Virginia Corporation,

and LOCAL UNION 8-957,

Defendants.

## COMPLAINT

**COMES NOW**, Tara Morgan, Plaintiff, by counsel, and for her Complaint states and allegesas follows:

### JURY DEMAND

1. Plaintiff hereby demands a trial by jury.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over as all parties herein are residents of the State of West Virginia, and or agencies of Raleigh County, West Virginia.

3. Plaintiff files this Complaint, pursuant West Virginia Common Law and the West Virginia Human Rights Act. Specifically, Plaintiff alleges that, *inter alia*, she was sexually harassed and terminated on or about October 21, 2019, in Monongalia County, West Virginia while working for Mylan Pharmaceuticals Inc. ("Mylan") and a member of Local union 8-957 ("Union"). Both Mylan and Union operate in Monongalia County, West Virginia.

4. Venue is proper as the events leading to this complaint occurred in Monongalia County, West Virginia.

## PARTIES

5. Tera Morgan Plaintiff (hereinafter "Plaintiff" or "Morgan") was at all times relevant hereto a resident of Monongalia County, West Virginia.

6. Defendant Mylan is a corporation registered in the State of West Virginia operating in Monongalia County, West Virginia.

7. Defendant Union is a labor union operating in Monongalia County, West Virginia.

8. Plaintiff was an employee of Mylan. Plaintiff was member of Union.

## FACTS

9. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10. At the time of the incidents giving rise to this Complaint, Plaintiff was employed by Mylan and a member of Union.

11. Plaintiff had a known medical condition. Plaintiff had been permitted leave to visit her medical professions. Plaintiff had provided Mylan and Union with medical documents explaining her medical condition / disability. While off on a medical appointment Mylan marked Plaintiff as absent and provided her with a "final warning". Plaintiff explained that the medical appointment was necessary. Mylan referred her to the Union to address the issue.

12. Plaintiff was told by the Union that the "final warning" was in error and to not worry about the warning. Plaintiff was told that Mylan, by giving her a final warning, violated the CBA.

13. Union representatives told Plaintiff that she if "fine" and that she wouldn't lose her job. Union representatives promised to provide Plaintiff with representation should Mylan make efforts to terminate Plaintiff.

14. There after Mylan did terminate Plaintiff. Plaintiff went to the Union in Morgantown, West Virginia where she was sexually harassed by Union representatives. In place of offering to help her get her job back like promised, Union representatives made comments about a photograph of Plaintiff in a bikini on her Facebook page that had been posted while she was off on vacation long before the termination. Union representatives were talking about how good she looked in a bikini and not making efforts to reinstate her to her position. Plaintiff was humiliated and embarrassed by the comments. When Plaintiff made efforts to request the comments stop, the Union representatives stopped calling her about her termination and failed to represent her in efforts to get her job back.

15. Plaintiff is a member of a protected class (disabled/perceived as, regarded as disabled and African American)

## COUNT I

## VIOLATIONS OF THE WEST VIRGINIA

## HUMAN RIGHTS ACT AND SEXUAL HARASSMENT

18. Plaintiff incorporates all preceding paragraphs of her Complaint as if fully set forth herein verbatim.

19. Plaintiff's gender/sex/disability/race places her in a protected class under the West Virginia Human Rights Act.

20. Treatment of Plaintiff based upon factors including, but not limited to, her gender constitutes discrimination against Plaintiff in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-, *et seq.* Specifically as a bases Plaintiff states:

    a. She was the target of sexual harassment by a male (Union representative) and the male failed to offer her representation after she asked for the sexual comments to stop;

    b. Mylan was told about the comments and didn't make any efforts to have them stop. *Hanlon v. Chambers*, 195 W. Va. 99, 108, 464 S.E.2d 741, 750 (1995) (Employers are under a duty to ensure that the workplace is free if sexual harassment "from whatever source");

    c. Plaintiff reported the incidents to Union;

    d. Plaintiff was forced to endure the tense and uncomfortable atmosphere around Union / Mylan, as well as sexual advances;

21. But for Plaintiff's sex she would not have been subject to sexual harassment and denied help and relief. Plaintiff's gender/sex places her in a protected class under the West Virginia Human Rights Act. As stated, Plaintiff is female. Union representatives' sexual harassment of Plaintiff constitutes discrimination against Plaintiff in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-, *et seq.* Specifically as a bases, Plaintiff re-states the allegations contained herein, and primary states that she was constantly harassed sexually, she complained of sexual harassment and was subject to sexual comments and jokes when she was trying to have her job reinstated. Plaintiff, but for her sex wouldn't have been harassed or sexually harassed. But for her sex, Plaintiff would not have been sexually

harassed. Plaintiff's sex was a substantial factor in her being a victim of sexual harassment by Union. But for Plaintiff's sex she would not have been harassed by Union.

22. Wherefore, Union has violated the WVHRA as set forth above.

23. Defendants' conduct was willful, wanton, reckless, malicious, intentional, and/or in direct disregard of Plaintiff's state protected rights as Defendants knew of the prior conduct as Plaintiff reported the same – yet nothing was done to prevent Defendants from continuing to harass Plaintiff, continuing to discriminate against Plaintiff.

24. Defendants' actions entitle Plaintiff to damages including, but not limited to, payment of back wages, fringe benefits, actual damages, and cost of litigation including attorney fees and witness fees.

25. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages including, but not limited to, loss of pay, emotional pain, suffering, humiliation, aggravation, annoyance, inconvenience, mental anguish, and other damages for which Defendants are liable. Plaintiff has incurred medical expenses and forced into counseling.

26. The West Virginia Human Rights Act prohibits discrimination in employment based on sex (WV Code Sec. 5-11-1 et seq.). The West Virginia Supreme Court has ruled that sexual harassment is a form of sex discrimination under the Human Rights Act (*Westmoreland Coal Co. v. West Virginia Human Rights Cmsn.*, 382 S.E.2d 562 (1989)).

27. The Act applies to all public employers and private employers with twelve (12) or more employees. Defendants' corporation has twelve (12) or more employees and/or is public.

28. The rules of the state Human Rights Commission (WV Admin. Code Sec. 77-4-1 et seq.) define "sexual harassment" as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when:

 a. Submission to or rejection of the conduct is made a term or condition of an individual's employment or is exchanged for job benefits,

 b. Submission to or rejection of the conduct is used as the basis for employment decisions affecting the individual, or

 c. The conduct unreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment.

29. As stated, the harassment toward Plaintiff was unwelcome comments, offensive or threatening verbal abuse, or unwelcomed and consistent sexual innuendo or physical contact. She was sexually assaulted by Union in the form of comments about her body in a bikini. Plaintiff stated, many times, lets worry about my job, not by body. Plaintiff stated, okay lets knock if off about the picture and focus on my job. Then Union failed to call Plaintiff back and made no efforts to secure her job.

30. But for the sex of Plaintiff the actions wouldn't have taken place. Defendants' actions and inactions discriminating against the Plaintiff based on sex by allowing Plaintiff to be sexually harassed Defendants have violated the West Virginia Human Rights Act as to Plaintiff.

31. Per Mylan, its decision to terminate Plaintiff was based in whole or in part upon plaintiff's race/disability. Many other employees who had disabilities were permitted to leave work regularly for medical appointments. The only difference between Plaintiff and others was her race. Mylan likewise discriminated against Plaintiff based on her disability.

32. Mylan knew Plaintiff had medical issues. Mylan knew Plaintiff needed time off to seek medical attention. Mylan knew Plaintiff needed an accommodation of using the restroom during work. Mylan refused to let Plaintiff use the restroom and wrote her up for using the

restroom. Mylan also failed to let her miss work for medical appointments. Mylan violated its own polices in the termination of Plaintiff on or about October 21, 2021.

## COUNT II/III

## VIOLATIONS OF THE WEST VIRGINIA HUMAN RIGHTS ACT

### BASED UPON SEXUAL HARRASSMENT BOTH "QUID PRO QUO" AND "HOSTILE WORK ENVIRNMENT"

32. Plaintiff incorporates all preceding paragraphs of the Complaint as if fully set forth herein verbatim. Plaintiff pleas WVHRA Sexual Harassment to the extent not plead in Count I, herein.

33. Plaintiff is protected by the WVHRA from sexual harassment, both *quid pro quo* and by creating a hostile work environment.

34. Defendants placed Plaintiff's participation in sex acts as a condition of her employment by allowing Union representatives to sexually harass her, and, once she objected to the advances, fail to represent Plaintiff in her action for reinstatement. *Supra*.

35. Defendants' conduct was willful, wanton, reckless, malicious, intentional, and/or in direct disregard of Plaintiff's State protected rights. Plaintiff is a member of a protected class – a female that was not requesting that she be subjected to sexual harassment in the workplace. Plaintiff was subjected to harassment during employment. *Supra*. The Harassment had the effect of unreasonably interfering with her work performance and creating an objectivity intimidating, hostile, or offensive work environment as Plaintiff did not wish to be sexually

harassed while trying to work. There exists a base for imposing liability on the employer; namely, the WVHRA.

36. Claim of *quid pro quo* sexual harassment is cognizable even if harasser does not expressly inform Plaintiff that adverse employment consequences will flow from Plaintiff's refusal to submit to harasser's advances, because there is rarely direct evidence that employer's motive was discriminatory, and plaintiff may prove by either direct or indirect evidence discrimination claim that takes form of sexual harassment. In this case, Plaintiff pleas that she was terminated, and she was sexually harassed. Union representatives, against Plaintiff's will, continued to make sexually suggestive comments when they should have been trying to help Plaintiff get her job back.

37. Defendant's acts/actions were NOT welcomed by Plaintiff, the subject conduct (*supra*) was (and is) based on the sex of the Plaintiff, the subject conduct was sufficiently severe or pervasive to alter the Plaintiff's condition of employment by making Plaintiff fearful of being represented by the Union she paid, lost sleep, experienced anxiety, and losing her job due to rejecting the sexual advances. These actions amount to "*quid pro quo*" sexual harassment and did create a hostile work environment in violation of the WVHRA. The subject conduct is imputable on some factual basis to the employer as the harassment came from Plaintiff's Union representative, and nothing was done by management or HR to stop the ongoing sexual harassment that was being experienced by Plaintiff. No supervisor, owner, principal, etc. of Defendant corporation did anything to subjectively stop the sexual harassment And, under West Virginia law, employers are automatically liable for sexual harassment by managers/supervisors, or by failing to address the reported sexual harassment and allowing it to continue.

38. Defendants' actions entitle Plaintiff to damages including, but not limited to, payment of back wages, reinstatement of fringe benefits and seniority, actual damages, and cost of litigation including attorney fees and witness fees.

39. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages including, but not limited to, loss of pay, emotional pain, suffering, humiliation, aggravation, annoyance, inconvenience, mental anguish, and other damages for which Defendants are liable.

40. Defendants actions warrant punitive damages.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – COUNT IV

41. Plaintiff hereby adopts as if set forth herein each of the allegations and averments set forth in all above paragraphs and/or headings.

42. Herein Defendants' conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; Defendants acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from Defendants' conduct.

43. The actions of the defendants caused the plaintiff to suffer emotional distress; and emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Love v. Georgia-Pacific Corporation*, 550 S.E.2d 51 (2001)

## NEGLIGENT HIRING RETENTION – COUNT V

44. Plaintiff incorporates as if fully set forth herein Paragraphs 1-43 of this Complaint. West Virginia has recognized a cause of action based upon negligent hiring and retention. *See State ex rel. West Virginia State Police v. Taylor*, 201 W.Va. 554, 499 S.E.2d 283, 289 n. 7 (1997); *McCormick v. W. Va. Dep't of Public Safety*, 202 W.Va. 189, 503 S.E.2d 502, 506–07 (1998) (per curiam).

45. The test for determining whether an employer negligently hired and retained an employee is as follows:

> When the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*McCormick*, 503 S.E.2d at 506.

46. The court must also consider "the nature of the employee's job assignment, duties and responsibilities." *McCormick v. W. Va. Dep't of Public Safety*, 202 W.Va. 189, 503 S.E.2d 502, 507 (1998) (per curiam). The duty with respect

10

of hiring and retention increases "as the risks to third persons associated with a particular job increase." *Id.* at 507. *Woods v. Town of Danville, W.V.*, 712 F. Supp. 2d 502, 514 (S.D.W. Va. 2010).

47. Union was negligent in hiring or retaining the Union representatives that sexually harassed the Plaintiff.

48. Union knew or should have known, and/or reasonably foreseen, the potential harm of allowing an unqualified supervisor to have oversight of Plaintiff. The negligent hiring and retention of the Union representatives by Union did cause this Plaintiff harm. As a direct and proximate result of Union's negligent hiring and retention of the Union representatives, Union did allow Plaintiff to be sexually harassed. This caused chaos, a hostile work environment, fear, and anxiety to Plaintiff.

49. Union had a duty to its employees to hire and retain competent Union representatives who met the requirements for the jobs. Union had a duty to its employees to hire and retain competent Union representatives who met the requirements for the job. Union breached said duty by negligently hiring and retaining the Union representatives who did harm Plaintiff.

50. Union had a duty to its members to hire and retain Union representatives who met the requirements for the job. Union breached said duty by negligently hiring and retaining the Union representatives who did harm Plaintiff.

51. Said breach did cause Plaintiff harm and does entitle Plaintiff for damages as set forth below.

52. Union did fail to supervise the Union representatives. Union allowed the Union representatives to sexually harass Plaintiff. Plaintiff had no other recourse herein.

11

WHEREFORE, Plaintiff demands against Defendants damages for lost wages, the value of lost benefits, damages for mental and emotional distress, damages for violations of the WV-HRA, damages for sexual harassment, punitive damages, costs and attorney's fees, and such other and further relief as may upon the premises be appropriate.

## COUNT VI – UNFAIR LABOR PRACTICE VIOLATION/BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

53. Plaintiff incorporates by reference herein all proceeding paragraphs set forth in this action.

54. "It shall be an unfair labor practice for an employer - to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C.A. § 158(a). Union violated by sexually harassing Plaintiff and failing to represent her in efforts to have her employment reinstated when she told the Union representatives to worry more about her job than her body.

55. 29 U.S.C.A. § 185 (b) titled "Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments" states:

> Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

56. Local Union is a labor organization defined by 29 U.S.C.A. § 185 (b).

57. Local Union owed Members (like Plaintiff) a duty of good faith and fair dealing.

58. As the exclusive bargaining representative for Plaintiff the Union had a statutory duty fairly to represent her "both in its collective bargaining ... and in its enforcement of the resulting collective bargaining agreement." *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909–10, 17 L.Ed.2d 842 (1967). "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Ibid.* This duty of fair representation is of major importance, but a breach occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.,* at 190, 87 S.Ct., at 916. Plaintiff states that Union acted arbitrary, or in bad faith in its negotiation with Mylan for Plaintiff's reinstatement and in fact sexually harassed her instead. Plaintiff has been harmed by Union's violation of duties set forth above.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues set forth in complaint.

**TARA MORGAN**

By Counsel.

13

D. Adrian Hoosier, II (WV Bar No. 10013)
HOOSIER LAW FIRM, PLLC
213 Hale St., Suite 100
Charleston, WV 25301
Telephone: (681) 215-0642
Facsimile: (681) 245-6192
Mobile/Digital Line (Default): (304) 767-9482
ADRIAN@HLFWV.COM

IN THE CIRCUIT COURT OF __MONONGALIA__ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 21-C- 283

**Plaintiff(s)**

Tara Morgan

Judge: _____

Plantiff's Phone: 681-215-0642

vs.

**Defendant(s)**

Mylan Pharmaceuticals Inc., A WV Corporation
Name
5098 Washington Street, West, Suite 407
Street Address
Charleston, West Virginia 25313-1561
City, State, Zip Code

Days to Answer: 30
Type of Service: Secretary of State

Defendant's Phone: _____

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation [As defined in T.C.R. 26.04(a)]
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 10 / 2022

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**
[ ] Yes [x] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: D. Adrian Hoosier, II
Firm: Hoosier Law Firm, PLLC
Address: 213 Hale Street, Suite 100, Charleston, West Virginia 25301
Telephone: 681-215-0642

Representing:
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and __3__ copies of complaint enclosed/attached.

Dated: 10 / 5 / 2021   Signature: _/s/_

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

**Plaintiff:** Tara Morgan_____, et al    **Case Number:** 21-C-_____
**vs.**
**Defendant:** Mylan Pharmaceuticals Inc., A WV Corporation, et al

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

| Defendant's Name | Local Union 8-957 |
| Defendant's Phone: | |
| Street Address | 1704 Mileground Road, Suite B |
| Days to Answer: | 30 |
| City, State, Zip Code | Morgantown, West Virginia 26505 |
| Type of Service: | Secretary of State |

| Defendant's Name | |
| Defendant's Phone: | |
| Street Address | |
| Days to Answer: | |
| City, State, Zip Code | |
| Type of Service: | |

| Defendant's Name | |
| Defendant's Phone: | |
| Street Address | |
| Days to Answer: | |
| City, State, Zip Code | |
| Type of Service: | |

| Defendant's Name | |
| Defendant's Phone: | |
| Street Address | |
| Days to Answer: | |
| City, State, Zip Code | |
| Type of Service: | |

| Defendant's Name | |
| Defendant's Phone: | |
| Street Address | |
| Days to Answer: | |
| City, State, Zip Code | |
| Type of Service: | |

| Defendant's Name | |
| Defendant's Phone: | |
| Street Address | |
| Days to Answer: | |
| City, State, Zip Code | |
| Type of Service: | |

| Defendant's Name | |
| Defendant's Phone: | |
| Street Address | |
| Days to Answer: | |
| City, State, Zip Code | |
| Type of Service: | |

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page    Revision Date: 4/2020