IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TARA MORGAN,

        Plaintiff,

  v.                                  CIVIL NO. 1:21-CV-141
                                              (KLEEH)

MYLAN PHARMACEUTICALS INC. and
LOCAL UNION 8-957,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

Pending before the Court is a motion to dismiss filed by Defendant Mylan Pharmaceuticals Inc. ("Mylan"). For the reasons discussed herein, the Court **GRANTS** the motion.

## I.    BACKGROUND

This case involves allegations of race, disability, and sex discrimination. In short, Plaintiff Tara Morgan ("Plaintiff"), an African American woman with an alleged disability, claims that Mylan Pharmaceuticals Inc. ("Mylan") terminated her employment due to her race and disability. She claims that she went to Local Union 8-957 (the "Union") (of which she was a member) for help, and the Union subjected her to sexual harassment.

Based on these facts, Plaintiff originally brought the following causes of action:

- (I)  Violations of the Human Rights Act and Sexual Harassment (against Mylan and the

**MORGAN V. MYLAN ET AL.**                                   **1:21-CV-141**

Union);

- (II/III) Violations of the West Virginia Human Rights Act Based Upon Sexual Harassment, both "Quid Pro Quo" and "Hostile Work Environment" (against Mylan and the Union);

- (IV) Negligent Infliction of Emotional Distress (against Mylan and the Union);

- (V) Negligent Hiring Retention (seemingly against only the Union); and

- (VI) Unfair Labor Practice Violation / Breach of Duty of Good Faith and Fair Dealing (seemingly against only the Union).

The case was originally filed in the Circuit Court of Monongalia County, West Virginia, and it was removed to this Court on November 23, 2021. Mylan's motion to dismiss was filed on January 24, 2022. It is fully briefed and ripe for review.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## III. DISCUSSION

Mylan moved to dismiss the entire Complaint against it. In Plaintiff's Response, she agreed to voluntarily dismiss all claims against Mylan except the disability discrimination/failure to accommodate claim. As such, the disability discrimination allegations in Count One are the only allegations against Mylan that remain in issue.

The Complaint alleges that Plaintiff "had a known medical condition" and was "permitted leave to visit her medical

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

professions [sic]."   See Compl., ECF No. 3, at ¶ 11.   Plaintiff

asserts that she "had provided Mylan . . . with medical documents

explaining her medical condition / disability" and that "[w]hile

off on a medical appointment Mylan marked Plaintiff as absent and

provided her with a 'final warning.'"   Id.   "Plaintiff explained

that the medical appointment was necessary," and "Mylan referred

her to the Union to address the issue."   Id.   Then Mylan terminated

Plaintiff's employment.   Id. ¶ 14.   Plaintiff states that she is

disabled or perceived as disabled.   Id. ¶ 15.

        Plaintiff alleges that Mylan's decision to terminate her

employment was based in whole or in part upon her disability.   Id.

¶ 31.   She asserts that "[m]any other employees who had

disabilities were permitted to leave work regularly for medical

appointments."   Id.   She further states that "Mylan knew Plaintiff

had medical issues" and "knew Plaintiff needed time off to seek

medical attention."   Id. ¶ 32.   "Mylan knew Plaintiff needed an

accommodation of using the restroom during work," refused to allow

her to do so, and "wrote her up for using the restroom."   Id.

"Mylan also failed to let her miss work for medical appointments."

Id.

        Under the West Virginia Human Rights Act ("WVHRA"),

            It shall be an unlawful discriminatory
            practice, unless based upon a bona fide
            occupational qualification . . . [f]or any

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

> employer to discriminate against an individual
> with respect to . . . compensation, hire,
> tenure, terms, conditions or privileges of
> employment if the individual is able and
> competent to perform the services required
> even if such individual is . . . disabled.

W. Va. Code § 5-11-9(1).  In short, the WVHRA "protects a disabled individual's right to employment so long as that individual is capable, with reasonable accommodations, of completing the bona fide, essential functions of the job."  Woods v. Jefferds Corp., 824 S.E.2d 539, 545 (W. Va. 2019).

The relevant state regulations provide that "[n]o employer shall, on the basis of disability, subject any *qualified individual with a disability* to discrimination in employment as it relates to . . . termination."  W. Va. Code R. § 77-1-4.1.1, 77-1-4.1.2 (emphasis added).  The regulations then define "qualified individual with a disability":

> 4.2. "Qualified Individual with a Disability"
> means an individual who is able and competent,
> with reasonable accommodation, to perform the
> essential functions of the job, and if an
> employer has prepared a written description
> before advertising or interviewing applicants
> for the job, this description may be
> considered evidence of the essential functions
> of the job.  A job function may be considered
> essential for several reasons, including but
> not limited to the following:
>
> 4.2.1. The function may be essential because
> the reason the employment position exists is
> to perform that function;

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

> 4.2.2. The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or
>
> 4.2.3. The function may be essential because of the amount of time spent on the job performing the function.

W. Va. Code R. § 77-1-4.2.  "A '[qualified individual with a disability]' under the West Virginia Human Rights Act and the accompanying regulations is one who is able and competent, *with reasonable accommodation*, to perform the essential functions of the job in question."  Woods, 824 S.E.2d at 546 (citations omitted).

The Supreme Court of Appeals of West Virginia has incorporated the "qualified individual with a disability" requirement into the elements of a prima facie case of discriminatory discharge based on disability:

> (1) he or she meets the definition of [having a "disability"],
>
> (2) he or she is a "[qualified individual with a disability]," and
>
> (3) he or she was discharged from his or her job.

Syl. Pt. 5, Woods, 824 S.E.2d 539.  "The plaintiff bears the burden of proving that [s]he is qualified."  Id. at 548 (citation omitted).

A claim against an employer may also be asserted for failing

**MORGAN V. MYLAN ET AL.**                                           **1:21-CV-141**

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

to accommodate a disabled employee.  To plead a claim of failure
to accommodate, a plaintiff must show that (1) she is a qualified
person with a disability; (2) Mylan was aware of her disability;
(3) she required an accommodation to perform the essential
functions of her job; (4) a reasonable accommodation existed that
met Plaintiff's needs; (5) Mylan knew or should have known
Plaintiff's need and of the accommodation; and (6) Mylan failed to
provide the accommodation.  Skaggs v. Elk Run Coal Co., Inc., 198
W. Va. 51, 65 (W. Va. 1996).

To have a "disability" under the WVHRA, a plaintiff must have
a "mental or physical impairment which substantially limits one or
more . . . major life activities" or be regarded as having such an
impairment.  W. Va. Code § 5-11-3(m).  "Major life activities"
include "functions such as caring for one's self, performing manual
tasks, walking, seeing, hearing, speaking, breathing, learning and
working[.]"  Id.

Here, Plaintiff has generally asserted that she has a medical
condition without providing any facts in support.  She has not
indicated what her alleged disability is or how it affects her
major life activities.  She has not described her position at
Mylan, much less its essential job functions.  Even if Plaintiff
had described her essential job functions, she has not stated how
her alleged disability affects her ability to perform those

MORGAN V. MYLAN ET AL.                                         1:21-CV-141

**MEMORANDUM OPINION AND ORDER GRANTING MYLAN
PHARMACEUTICALS INC.'S MOTION TO DISMISS [ECF NO. 12]**

functions.  There are also no facts to support the contention that
Plaintiff was regarded as disabled.  For these reasons, Plaintiff
has failed to state a claim of disability discrimination or failure
to accommodate.  The Court grants the motion to dismiss with
respect to the disability discrimination allegations against Mylan
in Count One.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Mylan's
motion to dismiss [ECF No. 12].  All claims against Mylan are
**DISMISSED WITH PREJUDICE.**  Plaintiff's motion to extend discovery
is **DENIED** [ECF No. 37].  The Clerk is **DIRECTED** to enter judgment
in favor of Mylan, consistent with this Memorandum Opinion and
Order, and to **STRIKE** this case from the Court's active docket.

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum
Opinion and Order to counsel of record.

DATED: February 15, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA